### George F. Williams *vs.* City of Roxbury.

A man who was born and resided during his childhood in Vermont, afterwards lived in New York for five years next preceding his coming of age, then spent some months at his former home in Vermont in search of employment, and afterwards, for the same purpose, went to St. Louis, and obtained employment as a clerk, but under no contract for any fixed length of time, and there became engaged to marry a woman residing at Roxbury, and came to Massachusetts in March to fulfil his engagement, without intending to make Roxbury his residence, hired a house in Brookline at a rent beginning on the 1st of April, and put into it servants and furniture, and his own and his betrothed wife's movable property. They were married at Roxbury on the 9th of April, and immediately took a wedding tour with no intention of returning to Roxbury, and on the 2d of May returned to the house in Brookline and resided there. *Held,* that his domicil was in Brookline on the 1st of May.

Action of contract to recover back the amount of a tax assessed on the 1st of May 1856 upon personal property held by the plaintiff as trustee under the will of John D. Williams, for the benefit of Mrs. Sarah A. W. Bradlee, formerly Miss Merry, and paid under protest. The parties agreed that if in the opinion of the court, upon so much of the following facts as would be admissible in evidence, Richards Bradlee, her husband, was a resident of Brookline, judgment should be rendered for the plaintiff: otherwise, for the defendants.

Richards Bradlee was born in Brattleboro', Vt., lived there until the age of sixteen, then went to New York, and there remained until after he became of age in the spring of 1855, when he returned to Brattleboro' for the purpose of finding some employment, but with a view of going to the West, and, after passing the summer in Brattleboro', went to St. Louis in October in search of employment, and entered a store as a clerk, but under no contract for any fixed length of time; and in the following winter at St. Louis met Miss Merry, who resided in Roxbury, and became engaged to marry her. He never had any intention of making Roxbury his residence. In March 1856, he hired a house in Brookline, at a rent to begin on the 1st of April, for the residence of himself and his wife; visited it with her several times to set up the furniture; put a housekeeper and servants in charge of it, and removed into it his and Miss Merry's movable property. They were married in Roxbury on the 9th of April, and on the same day started on a wedding tour, with the intention of returning, not to Miss Merry's former residence in Roxbury, but to the furnished house in Brookline, and on the 2d of May did return to that house.

*C. A. Welch,* for the plaintiff.

*W. Gaston,* for the defendants.

SHAW, C. J. The question of domicil is a question of fact. It is a question of comparison of facts. Had Mr. Bradlee previously had a clear, fixed and decided domicil, the circumstances would hardly be sufficient to show an acquisition of a domicil in Brookline. But when we compare the facts, we are brought to the opposite result. Brattleboro' was his domicil of origin, but he scarcely ever visited there, and soon after coming of age went to St. Louis, and was there three or four months as a clerk, and there formed a marriage engagement with Miss Merry. He then came to Massachusetts, without any intention to return to St. Louis with his wife. But he came to Massachusetts to fulfil his engagement. He acquired no domicil at Roxbury. He took a lease of a house in Brookline in March, the rent to commence on the 1st of April; took possession; put in a housekeeper; visited the house for the purpose of putting up

furniture, and removed all his own and his wife's property to it, before their marriage. His subsequent absence was only temporary; he left on a marriage tour, with the intention to return to live in Brookline, and on his return he took actual possession of the house which he had hired. Our conclusion is that upon a balance of all the facts the domicil was in Brookline, and that *The plaintiff is entitled to judgment.*